YAMAMOTO CALIBOSO HETHERINGTON
  A Limited Liability Law Company
J. GEORGE HETHERINGTON          2241-0
CHEYNE I.Y. YONEMORI            11164-0
1100 Alakea Street, Suite 3100
Honolulu, Hawaii 96813
Phone No. (808) 540-4500
Facsimile No. (808) 540-4530
ghetherington@ychawaii.com
cyonemori@ychawaii.com

FELDESMAN LEIFER LLP
Matthew S. Freedus*
DC Bar No. 475887
1129 20th Street, N.W., 4th Floor
Washington, DC 20036
Tel: 202.466.8960
mfreedus@feldesman.com
*Pro hac application will be filed promptly

Attorneys for Defendant
COMMUNITY CLINIC OF MAUI, INC.,
d/b/a MALAMA I KE OLA HEALTH CENTER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRED CURIMAO on behalf of his minor child J.C., individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. |
| | ) | |
| *Plaintiff,* | ) ) | NOTICE OF REMOVAL (Pursuant to 42 U.S.C. § 233(*l*)(2) and |
| v. | ) | 28 U.S.C. § 1442) |
| | ) | |
| COMMUNITY CLINIC OF MAUI, INC. D/B/A MALAMA I KE OLA HEALTH CENTER, | ) ) ) | [Federal Defendant] |
| | ) | |
| *Defendant.* | ) ) | |
| | ) | |

1

## NOTICE OF REMOVAL

### INTRODUCTION

Pursuant to 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 1442, and on the grounds set forth below, Defendant Community Clinic of Maui, Inc. d/b/a Malaka I Ke Ola Health Center removes to this Court the state court civil action of *Fred Curimao on behalf of his minor child J.C., individually and on behalf of all others similarly situated v. Community Clinic of Maui, Inc. d/b/a Malaka I Ke Ola Health Center*, No. 2CCV-24-0000955, filed in the Circuit Court of the Second Circuit, State of Hawai'i (the "State Court Action"). A copy of the complaint is attached hereto as Exhibit A and a copy of the rest of the state court docket, as of the filing of this notice of removal, is attached as Exhibit B.

1.      Community Clinic of Maui, Inc. d/b/a Malaka I Ke Ola Health Center ("CCM") is a nonprofit corporation and community "health center" recipient of federal grant funds under Section 330 of the Public Health Service Act (codified at 42 U.S.C. § 254b *et seq*.). As such—and for all relevant periods—CCM applied for and received federal status as a "deemed" United States Public Health Service (PHS) employee for purposes of the protection afforded by 42 U.S.C. § 233(a). CCM's continuous deemed status, since as early as calendar year 2010, is reflected on a web-based platform maintained by HRSA—*i.e.*, https://data.hrsa.gov/tools/ftca-search-tool. The site lists each deemed entity by name, address, and "deeming period." CCM's deemed status is also reflected in a Notice of Deeming Action—issued by the Secretary of the Department of Health and Human Services ("HHS")—for each calendar year. The Notice of Deeming Action for calendar year 2024 is attached hereto as Exhibit C.

2.      The protection deemed status affords to CCM—and its officers, employees, governing board members, and certain contractors—is an absolute immunity from *any* civil action

or proceeding resulting from their performance of (or alleged failure to perform) "medical . . . or related functions" within the scope of their deemed federal employment. 42 U.S.C. § 233(a), (g), and (h).

3.    This action arises out of CCM's performance of mandatory functions that are essential—much less "related"—to its medical functions, and thus falls squarely within 42 U.S.C. § 233(a)'s statutory protection. *See, e.g.*, *Krandle v. Refuah Health Ctr., Inc.*, No. 22-cv-4977, 2024 WL 1075359, at *9–10 (S.D.N.Y. Mar. 12, 2024) (holding deemed defendant's alleged duty to safeguard patient data is a "'medical . . . or related function'") (citing *Doe v. Neighborhood Healthcare*, No. 21-cv-1587, 2022 WL 17663520 at *6–8 (S.D. Cal. Sept. 8, 2022) (same)). *But see Ford v. Sandhills*, 97 F.4th 252, 260 (4th Cir. 2024) (concluding that maintaining confidentiality of patient information is not a medical or "related" function on the (mistaken) premise that § 233(a) immunity applies only to tortious conduct occurring "in the course of rendering medical treatment to a patient"), *pet. for cert. filed*, No. 24-483 (Oct. 25, 2024).

4.    In particular, this civil action arises out of a data breach of CCM's electronic health record system which stored certain personally identifiable information ("PII") and/or protected health information ("PHI") of patients who were required to provide such information as a condition to receiving medical services. *See, e.g.*, Ex. A., Compl. ¶¶ 15, 66, 84, 128. The complaint alleges, in essence, that: (1) CCM owes various duties to Plaintiff and the putative class members—arising out of their "special" patient-provider relationship—to protect and safeguard their personal information from unauthorized disclosure or access (2) CCM breached those duties by failing to implement and maintain reasonable security procedures and practices to protect Plaintiff and the putative class members' PII/PHI from unauthorized access and disclosure, and as

a result (3) CCM caused various harms to Plaintiff and the putative class members. *Id.* ¶¶ 3–7, 88–110.

5.      Plaintiff asserts common law claims of negligence, negligence per se, breach of implied contract, unjust enrichment, violations of Hawai'i's Unfair Deceptive Acts or Practices Statute, violation of Hawai'i's Uniform Deceptive Trade Practices Act, and violation of Hawai'i's Security Breach of Personal Information. Ex. A., Compl. ¶¶ 83–187. Section 233(a)'s immunity—which is premised on the defendant's *conduct*, not the plaintiff's theory of liability or cause of action—is easily broad enough to cover these claims. *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (recognizing plain text of § 233(a) is broad enough to "easily accommodate both known and unknown causes of action").

## JURISDICTION

### Deemed Federal Employee Removal—42 U.S.C. § 233(*l*)(2)

6.      The Court has jurisdiction under 42 U.S.C. § 233(*l*)(2), a federal officer removal statute enacted specifically for the benefit of deemed PHS employees (such as CCM). Section 233(*l*)(2) provides a deemed individual or entity the right to a federal forum for a judicial determination as to the availability of a federal immunity defense. The Ninth Circuit recently made clear that the Attorney General is obligated to remove an action to federal court where (as here) the HHS Secretary deemed the health center defendant to be a PHS employee for the period in which the events giving rise to the action occurred, regardless of the Attorney General's "litigation-specific" coverage decision. *Blumberger v. Tilley*, 115 F.4th 1113, 1117 (9th Cir. 2024), *pet. for reh'g* en banc *denied*, No. 22-56032, Dkt. 83 (9th Cir. Dec. 19, 2024); *see id.* at 1129 ("§ 233(*l*)(1) obligates the Attorney General to report on the Secretary's deeming decision, not to report the Attorney General's ultimate coverage decision."). "There is nothing inappropriate with the

Attorney General reporting in the same notice both its own litigation-related coverage decision and the Secretary's prospective deeming decision. But it is an employee's *deemed* status, not *covered* status, that triggers the removal provisions of § 233(*l*)(1). Any advice the Attorney General may give to the state court about its ultimate coverage decision has no legal consequence—one way or another—under § 233(l)(1)." *Id.* at 1134 (emphasis added).

7.      Where, as here, the Attorney General "fails" to remove under § 233(*l*)(1), the deemed defendant has the right to remove the action under its statutory sibling, § 233(*l*)(2). The PHS Act imposes no time limit on § 233(*l*)(2) removals. *Est. of Booker v. Greater Philadelphia Health Action*, 10 F.Supp.3d 656, 665–66 (E.D. Pa. 2014) ("The fact that § 233(*l*)(2) was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time frame to govern removals by the health centers themselves"); *see also Campbell v. S. Jersey Med. Ctr.*, 732 F. App'x 113 (3d Cir. 2018) (recognizing 42 U.S.C. § 233(*l*)(2) removal is permissible before entry of judgment as that is no longer "before trial" within the meaning of § 233(c)); 42 U.S.C. § 233(c) (permits Attorney General to remove state actions on behalf of actual and deemed PHS employees "any time before trial"). Given the commanding language and unmistakable thrust of § 233(*l*), this provision should be broadly construed to facilitate the removal, hearing, and judicial determination expressly contemplated therein. *Cf. Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969) (construing federal officer removal statute, 42 U.S.C. § 1442, broadly in favor of a federal forum to ascertain the availability of a federal defense arising out of official conduct). Section 233(*l*)(2), like the general officer removal statute (28 U.S.C. § 1442), operates as an exception to the well-pleaded complaint rule. *Campbell*, 732 Fed. App'x at 117 ("For section 233(*l*)(2) to have any effect, a district court must at least have jurisdiction to substitute the United States when it is appropriate to do so.").

### Federal Officer Removal—28 U.S.C. § 1442

8.      The Court also has jurisdiction under 28 U.S.C. § 1442(a)(1), the general officer removal statute. *See Agyin v. Razmzan*, 986 F.3d 168, 177 (2d Cir. 2021) (holding that (a) individual deemed PHS employee's removal under 42 U.S.C. § 1442 was proper because, as an employee of a deemed health center entity, he was acting under a federal officer with respect to medical and related functions performed on behalf of the health center entity, and (b) deemed PHS employee enjoyed "the same legal immunity that is extended to employees of the Public Health Service")); *accord Blumberger*, 115 F.4th at 1123 (concluding that "HHS's [deeming] notice provides *unequivocally clear and certain support* for [the deemed physician]'s contention that he was acting 'pursuant to a federal officer's directions' when treating [the plaintiff] and that there is a 'colorable federal defense' pertaining to the medical malpractice claims." *Id.* (emphasis added).

9.      Section 1442(a)(1) affords a right of removal to "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute permits removal even when the underlying federal question arises only as a defense to a state-law claim. *See Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999); *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006) (noting federal officer removal statute operates as an exception to the "well-pleaded complaint" rule). The general officer removal statute protects important federal interests and must be broadly construed in favor of a federal forum. *See Colorado v. Symes*, 286 U.S. 510, 517 (1932) ("It scarcely need be said that such measures [allowing for federal officer removal] are to be liberally construed to give full effect to the purposes for which they were enacted."); *Willingham*, 395 U.S. at 406–07.

10.     When broadly construed, as required, the phrase "any officer" in § 1442 can be read to include CCM as it is "deemed to be an employee of the Public Health Service" under a federal statute that not only affords CCM a federal immunity defense but affords an additional removal right as well. At a minimum, however, even if CCM did not qualify as a federal officer under 28 U.S.C. § 1442, it qualifies as a person *acting under* a federal officer. *Agyin*, 986 F.3d at 177; *see also* H.R. Rep. 104-398, reprinted in 1995 U.S.C.C.A.N. 767, 774 (indicating congressional intent that deemed PHS employees be "covered for malpractice claims under the [FTCA] in the same manner as are employees of the Public Health Service"); *see also Friedenberg v. Lane Cnty.*, 68 F.4th 1113 (9th Cir. 2023) (citing H.R. Rep. No. 104-398, at 4, for the point that "Congress intended for deemed PHS employees to receive protection 'in the same manner' as traditional PHS employees during the coverage period") (reversing district court's denial of substitution in a state court action that deemed PHS employees removed to federal court pursuant to 28 U.S.C. § 1442 and 42 U.S.C. § 233); *Krandle v. Refuah Health Ctr., Inc.*, No. 22-4907, 2023 WL 2662811, *11 (S.D.N.Y. March 28, 2023) (finding—in a putative data-breach class action—that deemed health center, "in order to 'carry out the duties of the federal government to provide medical care to the indigent,' [defendant health center] must keep patient records safe as required by federal statute, arguably qualifying [deemed health center's] actions as 'acting under' color of federal regulations" for purposes of 28 U.S.C. 1442(a)(1) (citing *Agyin*, 986 F.3d at 176)). Indeed, "the government itself has invoked § 1442 on behalf of deemed employees" such as CCM numerous times. *Agyin*, 986 F.3d at 179, 184–85 (collecting cases and noting that the government "did not err in doing so").

11.     To invoke § 1442(a)(1)'s "acting under" provision, a defendant must demonstrate that (1) he or she or it is a "person" under the statute (2) who acted "under color of federal office"

and (3) has a "colorable federal defense." 42 U.S.C. § 1442(a)(1). As a nonprofit corporation, which operates a federal grant project on behalf of HHS, CCM qualifies as a person within the meaning of § 1442. *E.g.*, *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008) (finding that the "term 'person' includes corporate persons"). CCM "acted under" an office of HHS to "assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 149 (2007); 42 U.S.C. § 254(*o*) (the central office of the Health Resources and Services Administration administers Health Center grant program on behalf of the HHS Secretary). In particular, CCM is statutorily obligated to serve an area or population that the HHS Secretary designated as "medically underserved." 42 U.S.C. § 254b(a)(1). CCM is therefore supporting the mission of the actual PHS by performing functions that would otherwise fall within PHS responsibilities. *Agyin*, 986 F.3d at 176 n.3 (finding that deemed PHS defendant "performed a job that—in the absence of the Federally Supported Health Centers Assistance Act and its provision for deeming health centers and their staffs to be federal employees—the federal government would have had to perform itself: He assisted and helped to carry out the duties of the federal government to provide medical care to the indigent." (citing legislative history)).

12.    CCM is subject to detailed federal requirements, oversight, and control. *See* H.R. Rep. No. 102-823 at 5 ("Federal requirements associated with the grants are administratively burdensome and address all areas of operation."); *accord Agyin*, 986 F.3d at 177 (concluding community health center was "subject to federal oversight and control" sufficient to render health center physician "acting under" a federal officer for 28 U.S.C. § 1442(a)(1)). Among these requirements is the obligation to "have an ongoing quality improvement systems that includes clinical services and management, and *that maintains the confidentiality of patient records*." 42 U.S.C. § 254b(k)(3)(C) (emphasis added) (prohibiting HHS's approval of a health center's grant

application absent a determination of compliance with this requirement); *see also* 42 C.F.R. § 51c.110 ("*All information as to personal facts and circumstances obtained by the project staff about recipients of services shall be held confidential, and shall not be divulged without the individual's consent.* . . .") (emphasis added); 42 C.F.R. § 51c.303 ("A community health center supported under this subpart must . . . [i]mplement a system for maintaining the confidentiality of patient records in accordance with the requirements of § 51c.110 of subpart A.").

13.    CCM's deemed federal employee status (as to specified periods) is irrevocable and affords "the same" immunity that an actual PHS employee enjoys under 42 U.S.C. § 233(a). 42 U.S.C. § 233(g)(1)(A) (making remedy against United States "exclusive of any other civil action or proceeding *to the same extent* as the remedy against the United States is exclusive pursuant to subsection (a)") (emphasis added), (F) (providing that deemed status is "final and binding" on the Secretary, the Attorney General, and all parties to litigation). For purposes of § 1442, CCM's federal defense is "colorable," to the say the least. *E.g.*, *Krandle*, 2024 WL 1075359, at *9–10 (enforcing deemed health center defendant's claimed immunity in remarkably similar data-breach class action); *Neighborhood Healthcare*, 2022 WL 17663520, at *6–8 (same).

## PARTIES

14.    CCM receives federal funding under Section 330 of the PHS Act (codified at 42 U.S.C. § 254b) to operate a community-based health center project that provides primary and related health care services to residents of the island of Maui, regardless of any individual's ability to pay for services. *See* 42 U.S.C. § 254b(a), (b), (j), (k). CCM serves specific geographic areas that the HHS Secretary has designated as "medically underserved." *Id.* at 254b(a)(1). At all relevant times, CCM was deemed by the HHS Secretary to be a PHS employee for purposes of PHS Act immunity, 42 U.S.C. § 233(a).

15.     According to the complaint, Plaintiff is a former patient of CCM who has received health care services from CCM. *See, e.g.*, Ex. A, Compl. ¶¶ 1, 66. The putative class consists of other current or former patients of CCM. *See, e.g.*, *id.* ¶ 1.

## STATUTORY FRAMEWORK

16.     Under the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870-71 (1970), codified at 42 U.S.C. § 233, PHS personnel are absolutely immune from any civil action or proceeding arising out of their performance of medical, surgical, dental or related functions within the scope of their employment. 42 U.S.C. § 233(a). Section 233(a) extends absolute immunity to PHS personnel by making the remedy for damages against the United States under the FTCA the *exclusive* remedy for such actions. *Id.*

17.     To facilitate the legislative objective of ensuring medical services in underserved areas, 42 U.S.C. § 233(a) shields PHS personnel from personal liability arising out of their performance of medical, surgical, dental, and related functions. Without such protection, the legislative history indicates that the cost of professional liability insurance would greatly hinder or altogether preclude the performance of those duties. *See* § 2, 84 Stat. 1868; H.R. Rep. No. 1662, 91st Cong., 2d Sess. 1 (1970); 116 Cong. Rec. 42,543 (1970) (Rep. Staggers, the House of Representatives sponsor, stating that PHS physicians "cannot afford to take out the customary liability insurance as most doctors do," "because of the low pay that so many of those who work in the [PHS] receive.").

18.     The Federally Supported Health Centers Assistance Act of 1992 (and as amended in 1995) (the "FSHCAA"), codified at 42 U.S.C. § 233(g) *et seq.*, authorizes the HHS Secretary to extend to certain federally funded health centers and their officers, directors, and employees (and certain contractors) the same "absolute immunity" § 233(a) affords to actual PHS employees.

*Hui*, 559 U.S. at 806; 42 U.S.C. § 233(g)(1)(B) (extending the same immunity to deemed PHS employees).

19.    To qualify as a deemed entity for § 233(a) immunity, a health center grantee must submit an application with detailed information and supporting documentation sufficient for the HHS Secretary to verify that the coverage should apply to all services provided by the health center to patients and in certain circumstances non-patients of the center. The applicant is also required to demonstrate that the health center meets four requirements listed in § 233(h), including a requirement to "implement[] appropriate policies and procedures to reduce the risk of malpractice *and the risk of* lawsuits *arising out of any health or health-related functions performed by the entity*." 42 U.S.C. § 233(g)(1)(D) and (h) (emphasis added). The HHS Secretary must design an "application . . . to verify" that the health center applicant has done so. *Id.* at § 233(g)(1)(D).

20.    In that HHS-prescribed deeming application—which sets conditions for deemed status—the health center applicant is required to (among other things) assure HHS it would "implement and maintain systems and procedures for *protecting the confidentiality of patient information and safeguarding this information against loss, destruction, or unauthorized use*, consistent with federal and state requirements." *See, e.g.*, HHS, Health Resources and Services Administration, Application for Health Center Program Award Recipients for Deemed Public Health Service Employment with Liability Protections Under the Federal Tort Claims Act, at 14 [hereinafter Deeming Application], https://bphc.hrsa.gov/sites/default/files/bphc/compliance/pal-2023-01.pdf (emphasis added).

21.    At the same time, the health center application must acknowledge that the health center applicant's "failure to implement and maintain systems and procedures for protecting the confidentiality of patient information and safeguarding this information against loss, destruction,

or unauthorized use, consistent with federal and state requirements, may result in disapproval of [the HHS] deeming application." *Id.* Because HHS has identified "HIPAA medical *required confidentiality and security*" of patient information as one of the "areas/activities of *highest clinical risk* for the health center," a health center applicant is also required to develop, implement, and document the completion of an "annual health care risk management training plan for staff members" that included, among other things, training on "Health Insurance Portability and Accountability Act (HIPAA) and other applicable medical record confidentiality requirements." *Id.* at 11 (emphasis added).

22.    The statute requires the Secretary to make a deeming determination for health centers and their personnel within 30 days of receipt of such an application. 42 U.S.C. § 233(g)(1)(E). The application seeks deemed federal status in advance of and for a specific prospective period (*i.e.*, calendar year). A favorable deeming determination by the Secretary is "final and binding" (42 U.S.C. § 233(g)(1)(D)-(F)) on HHS, the Attorney General, and "other parties to *any* civil action or proceeding," 42 U.S.C. § 233(g)(1)(F) (emphasis added), with respect to the designated period.

23.    By requiring a prompt and advance deeming determination, and conferring absolute immunity from any action or proceeding resulting from covered conduct (*i.e.*, the deemed federal employee's performance of "medical, surgical, dental, or related functions") in that period, the FSHCAA is designed to eliminate a federally-funded health center's need to purchase private liability insurance and allow centers to devote their federal grant funds to patient services (rather than insurance premiums). *See* H.R. Rep. 102-823, pt. 1, at 3 (1992). "While Congress's concerns regarding malpractice insurance premiums were the driving force behind the legislation, Congress

did not limit § 233 immunity to 'only' malpractice claims when it could have." *Friedenberg*, 68 F.4th at 1128; *see id*. at 1127 n.7 (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 108 (2d Cir. 2000)).

24.     When a civil action or proceeding is brought against a deemed PHS employee, the entity or individual has a duty to deliver the pleadings to the grantor agency's designated representative, which is HHS's Office of General Counsel (OGC). HHS OGC is in turn required to "promptly" provide copies of the pleadings to the Attorney General and appropriate local U.S. Attorney. 42 U.S.C. § 233(b); *see also McLaurin v. United States,* 392 F.3d 774, 779 (5th Cir. 2004) (recognizing that it is the designated federal agency or "supervisor, not the employee, who must 'promptly' deliver the suit papers to the government").

25.     Upon notification of a state court action against a deemed individual or entity, the Attorney General has a mandatory (non-discretionary) duty to appear in that court within 15 days of notice of the lawsuit to report whether the "Secretary has determined under subsections (g) and (h) of [Section 233], that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id*. at § 233(*l*)(1). For purposes of § 233(*l*)(1)'s *removal* provision, the Attorney General's report to the state or local court of the Secretary's deeming determination is "deemed to satisfy the provisions of [42 U.S.C. § 233(c)] that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility." *Id*. § 233(*l*)(1); *cf*. 28 U.S.C. § 2679(d)(3). Section 233(*l*)(1) constructively satisfies § 233(c) to trigger removal but does not restrict or alter the Attorney General's discretion under § 233(c) to make, decline to make, or withdraw a scope of employment

13

certification. *Blumberger*, 115 F.4th at 1135, 1140 (noting Attorney General "is free to contest" a deemed defendant's claimed immunity at a "hearing" in federal court) (citing § 233(c))

26.     If, despite the mandatory duty under § 233(*l*)(1), the Attorney General (or an authorized representative) "fails" to effectuate removal within 15 days of notice of the state action, the deemed entity or individual has an absolute right to remove the matter to the appropriate federal district court, without any time limit for doing so. *Id*. § 233(*l*)(2). Section 233(*l*)(2) is—in substance and effect—an officer removal statute, similar to the general officer removal statute at 28 U.S.C. § 1442(a)(1). *Agyin*, 986 F.3d at 179-80 (discussing differences between deemed PHS defendant's separate and alternative removal rights under § 233(*l*)(2) and § 1442; *Campbell*, 732 Fed. Appx. at 16 (recognizing § 233(*l*)(2) overrides the well-pleaded complaint rule's presumption against removability, which (apart from diversity) bars removal unless a federal question appears on the face of the complaint, otherwise "a defendant's ability to avail himself of a federal forum would be partly dependent on how the plaintiff pled the action, rather than the substance of the plaintiff's claims").

27.     Upon removal, the state court proceeding is stayed until the federal district court conducts a "hearing" to determine the proper forum or procedure and issues an order consistent with its determination. 42 U.S.C. § 233(*l*)(2); *Blumberger*, 115 F.4th at 119 ("If the case has been removed by an employee without action by the Attorney General, the state court is deprived of jurisdiction, and the case is stayed until the federal court 'conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim.'").

28.     The hearing in federal district court following § 233(*l*) removal allows any party to challenge the federal government's failure or refusal to certify that the deemed defendant was performing medical or related functions within the scope of its (his or her) employment as a

deemed PHS employee with respect to claims against it (him or her) and substitute the United States as the only proper defendant in its (his or her) place. *Blumberger*, 115 F.4th at 127. Where, as here, the claim is covered by the deemed defendant's § 233(a) immunity, § 233(*l*)(2) ensures that the United States is substituted as the only proper defendant its place. *Id.* at 1135, 1140; *Agyin*, 986 F.3d at 184; *Friedenberg*, 68 F.4th at 1131; *El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005); *see also Booker*, 10 F.Supp.3d at 656; *Campbell*, 2020 WL 1466332, \*1 (recognizing removal jurisdiction to substitute United States in place of deemed defendant to effectuate § 233(a) immunity).

### FACTUAL AND PROCEDURAL BACKGROUND PERTINENT TO THE GROUNDS FOR REMOVAL

29.     CCM submitted deeming applications for itself and its personnel with respect to all times relevant to this action. The HHS Secretary, under 42 U.S.C. § 233(g) and (h), approved the applications and deemed CCM and its personnel for purposes of the protections afforded under § 233(a) *et seq. See* https://data.hrsa.gov/tools/ftca-search-tool; *see also*, *e.g.*, Ex. C (Notice of Deeming Action for calendar year 2024).

30.     On October 25, 2024, plaintiff filed his complaint in state court. At its core, the complaint alleges that CCM failed in its duty to implement adequate and reasonable measures for protecting the confidentiality of patient information and safeguarding it against unauthorized disclosures, consistent with its legal duties to do so, and, as a result, "an unauthorized third-party accessed certain files . . . which contained the Private Information of Plaintiff and Class Members." Ex. A, Compl. ¶¶ 3, 6–7.

31.     Before plaintiff filed this action, several other plaintiffs initiated civil actions against CCM in this Court, arising out of the same events. *See Aleuta v. Community Clinic of Maui,*

*Inc.*, 1:24-cv-00431-MWJS-WRP (filed Oct. 2, 2024); *Kaiwi v. Community Clinic of Maui, Inc.*, 1:24-cv-00440-JAO-WRP (filed Oct. 8, 2024); *Johnson v. Community Clinic of Maui, Inc.*, 1:24-cv-00443-JMS-RT (filed Oct. 9, 2024).[1] To date, these cases have not been consolidated, although each one arises out of the same events, alleges the same types of causes of action or theories of liability, purports to represent the same putative class (each plaintiff would necessarily be a member of the putative class in each other action), and otherwise presents common questions of law and fact.

32.     Several other current or former patients of CCM initiated actions in state court—all arising out the same events. *See Joshua Roske Jones, individually and on behalf of all others similarly situated v. Community Clinic of Maui, Inc. d/b/a Malaka I Ke Ola Health Center*, No. 2CCV-24-0000934 (Cir. Ct. 2d Cir., Hawaii) (filed on Oct. 11, 2024); *Suzette Parry, individually and on behalf of all others similarly situated v. Community Clinic of Maui, Inc. d/b/a Malaka I Ke Ola Health Center*, No. 2CCV-24-0000945 (Cir. Ct. 2d Cir., Hawaii) (filed on Oct. 17, 2024); *William Jackson, individually and on behalf of all others similarly situated v. Community Clinic of Maui, Inc. d/b/a Malaka I Ke Ola Health Center*, No. 2CCV-24-0000937 (Cir. Ct. 2d Cir., Hawaii) (filed on Oct. 16, 2024). Because the state court plaintiffs have not agreed to consolidate their actions, CCM will have to remove them individually to this Court.

33.     CCM reported this action to the HHS Secretary's designated point of contact (*i.e.*, the HHS Office of General Counsel) on or about January 3, 2025.

---

[1] Since then, an additional action against CCM, arising out of the same events, was filed in this Court. *Oberg v. Community Clinic of Maui, Inc.*, 1:24-cv-00483-DKW-KJM (filed Nov. 8, 2024).

34.    Although CCM became aware of the underlying action since then, it only recently learned of the Ninth Circuit's decision and mandate in *Blumberger*, 115 F.4th 1113,[2] and decisions holding that § 233(a) immunity covers data-breach class actions like this one. *E.g.*, *Krandle*, 2024 WL 1075359.

35.    On January 15, 2025, the Attorney General (through a local representative) appeared in state court, advising the court that: the Secretary had granted CCM's deeming applications (under § 233(g) and (h)) for the period in which the events giving rise to this action occurred, but that the Attorney General had denied coverage and thus would neither intervene nor remove the case to federal court. Ex. B at 35–37, Notice of the United States (Jan. 15, 2025).

36.    The Ninth Circuit's binding decision in *Blumberger*—issued on September 9, 2024—makes clear that the advice given here (*i.e.*, the Secretary's favorable deeming determination) automatically satisfied 42 U.S.C. § 233(c) for purposes of removal and obligated the Attorney General to effectuate removal under 42 U.S.C. § 233(*l*)(1). *Blumberger*, 115 F.4th at 1134 ("nothing in the statute precludes the Attorney General from also reporting its coverage determination to the state court, even simultaneously with the § 233(*l*)(1) advisal to the state court that an employee has been deemed . . . [b]ut it is an employee's deemed status, not covered status, that triggers the removal provisions of § 233(*l*)(1)"). "Any advice the Attorney General may give to the state court about its ultimate coverage decision has no legal consequence—one way or another—under § 233(*l*)(1)"). *Id.*

37.    Because the Attorney General failed to effectuate removal as required by 42 U.S.C. § 233(*l*)(1), CCM has a removal right under § 233(*l*)(2), Section 233(*l*)(2) effectively codifies

---

[2] The mandate was issued December 27, 2024. Mandate, *Blumberger*, 115 F.4th 1113, ECF No. 84 (Dec. 27, 2024).

longstanding immunity jurisprudence, recognizing that immunity determinations ought to be made at the earliest stages of litigation because immunity is not only a defense against liability but a right to be free from the burdens of litigation altogether. *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001) ("an immunity from suit rather than a mere defense to liability . . . like an absolute immunity . . . is effectively lost if a case is erroneously permitted to go to trial" (citing *Mitchell v. Forsyth*, 472 U. S. 511, 526 (1985))), *Mitchell*, 472 U.S. at 525 ("the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action"). *Cf.* 42 U.S.C. § 233(*l*) (effectuating prompt removal and a stay pending a threshold immunity determination).

### CCM'S ABSOLUTE IMMUNITY COVERS THIS ACTION

38.     As previously stated, § 233(a) provides absolute immunity to deemed PHS employees "for damage for personal injury, including death, *resulting from the performance of medical*, surgical, dental, *or related functions*" while acting within the scope of its official employment. 42 U.S.C. § 233(a), (g) (emphasis added).

39.     The immunity provided under § 233(a) is not limited to medical malpractice but encompasses any action or proceeding arising out of "*related functions"—i.e.*, functions that are related to the performance of medical, surgical, or dental functions. 42 U.S.C. § 233(a); *Friedenberg*, 68 F.4th at 1127–28 ("The statutory text of § 233(a) clearly shows that immunity is not tied to whether the tort transpired in caring for the patient . . . . Congress did not limit § 233 immunity to 'only' malpractice claims when it could have.") (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 108 (2d Cir. 2000)); *see also* Hui, 559 U.S. at 806 (resolving circuit split in favor of *Cuoco*).

40.     Plaintiff's claims against CCM resulted from its "performance of medical . . . or related functions" within the scope of its deemed federal employment. 42 U.S.C. §§ 233(a), 254(b).

18

On its face, the complaint alleges that CCM, with respect to Plaintiff and its other similarly situated patients, breached its duty to maintain and secure the confidentiality of their respective PII/PHI and, as a result, caused harms to them. *See, e.g.*, Ex. A., Compl. ¶¶ 3–7, 88–110.

41.     Maintaining the confidentiality of a patient's personal and confidential information is a function that is related to—and inseparable from—the medical functions of a deemed health center. Plaintiff's claims arise out of "health or health-related functions," 42 U.S.C. § 233(h)(1), that are: quintessential to CCM's health center project, statutorily mandated, and a condition of its deemed PHS status—*i.e.*, "to implement and maintain systems and procedures for protecting the confidentiality of patient information and safeguarding this information against . . . unauthorized use, consistent with federal and state requirements." *See, e.g.*, Deeming Application, at 11, 14; 42 U.S.C. §§ 233(h)(1), § 254b(k)(3)(C) (authorizing legislation, which makes a health center (such as CCM) eligible for deemed status in the first place, requires center to have, among other things, "an ongoing quality improvement system that includes clinical services and management, and that maintains the confidentiality of patient records").

42.     The complaint alleges that CCM failed to adequately perform these very functions. *See, e.g.*, Ex. A, Compl. ¶ 1 ("This action arises from Defendant's failure to secure the [PII and PHI] of Plaintiff and the members of the proposed Class, where Plaintiffs are current and former patients of Defendant."). In other words, the complaint itself acknowledges, if not hinges on, the inextricable connection between the mandated medical and related functions of a federally funded health center and the duty to maintain the confidentiality of patient information. *See, e.g.*, *id.* ¶¶ 1, 3–7, 88–110.

43.     Several courts have correctly recognized claims concerning a deemed PHS defendant's alleged failure to safeguard confidential patient information as arising out of a

"medical … or related function" within the meaning of 42 U.S.C. § 233(a). *Krandle*, 2024 WL 1075359, at \*9–10, *Neighborhood Healthcare*, 2022 WL 17663520, at \*6–8; *Kezer v. Penobscot Cmty. Health Ctr.*, No. 1:15-cv-00225-JAW, 2019 BL 141566, at \*8 (D. Me. Mar. 21, 2019).

44.    Thus, Plaintiff's exclusive remedy with respect to the alleged acts or omissions of CCM is a claim against the United States under the FTCA. *See* 42 U.S.C. § 233(a) (providing that remedy against United States provided by FTCA "shall be exclusive of any other civil action or proceeding.").

## VENUE AND REMOVAL PROCEDURES

45.    Venue before this court is proper because this Notice of Removal is filed in the federal district court that embraces the place where the local state court matter is pending. *See* 28 U.S.C. §§ 1441(a), 91.

46.    A copy of this Notice of Removal is being filed with the local state court where this action was filed. 28 U.S.C. § 1446(d).

47.    Pursuant to 42 U.S.C. § 233(*l*)(2), all proceedings in this case are automatically stayed pending the Court's hearing and threshold immunity determination. 42 U.S.C. § 233(*l*)(2) (upon removal, "[t]he civil action . . . *shall be stayed* in ["the appropriate United States district court"] until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination") (emphasis added).

**CONCLUSION**

For the foregoing reasons, the Court should, after conducting a hearing pursuant to 42 U.S.C. § 233(*l*)(2), substitute the United States as the only proper defendant in place of Community Clinics of Maui, Inc. in the above-captioned action.

Dated:  January 24, 2025.

Respectfully submitted,

YAMAMOTO CALIBOSO HETHERINGTON
A Limited Liability Law Company

/s/ *J. George Hetherington*
J. GEORGE HETHERINGTON
CHEYNE I.Y. YONEMORI

FELDESMAN LEIFER LLP

/s/ Matthew S. Freedus
MATTHEW S. FREEDUS*

*Counsel for Defendant Community Clinic of Maui, Inc., d/b/a Malama I Ke Ola Health Center*

21

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRED CURIMAO on behalf of his minor child J.C., individually and on behalf of all others similarly situated, )<br><br>      *Plaintiff,* )<br><br>      v. )<br><br>COMMUNITY CLINIC OF MAUI, INC. D/B/A MALAMA I KE OLA HEALTH CENTER, )<br><br>      *Defendant.* ) | Civil Action No.<br><br>CERTIFICATE OF SERVICE |

FRED CURIMAO on behalf of his minor child )  Civil Action No.
J.C., individually and on behalf of all others )
similarly situated, )  CERTIFICATE OF SERVICE
)
    *Plaintiff,* )
)
    v. )
)
COMMUNITY CLINIC OF MAUI, INC. )
D/B/A MALAMA I KE OLA HEALTH )
CENTER, )
)
    *Defendant.* )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of January 2025, a true and correct copy of foregoing Notice of Removal, was served upon the below parties as follows:

Via First Class U.S. Mail, postage prepaid and email to:

BRONSTER FUJICHAKU ROBBINS
Margery S. Bronster
Robert M. Hatch
1003 Bishop Street, Suite 2300
Honolulu, HI 96813
Email: mbronster@bfrHawaii'i.com;
rhatch@bfrHawai'i.com

KOPELOWITZ OSTROW P.A.
Jeff Ostrow
One West Las Olas Blvd., Suite 500
Ft. Lauderdale, Florida 33301
Email: ostrow@kolawyers.com

Via Certified Mail to:

Attention:  Civil Process Clerk
ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Attention:  Civil Process Clerk:
UNITED STATES ATTORNEY
DISTRICT OF HAWAII
EDRIC M. CHING, Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Email: Edric.Ching@usdoj.gov

Dated:  January 24, 2025.

Respectfully submitted,

YAMAMOTO CALIBOSO HETHERINGTON
A Limited Liability Law Company

/s/ *J. George Hetherington*
J. GEORGE HETHERINGTON
CHEYNE I.Y. YONEMORI


FELDESMAN LEIFER LLP

/s/ Matthew S. Freedus
MATTHEW S. FREEDUS*

*Counsel for Defendant Community Clinic of Maui, Inc., d/b/a Malama I Ke Ola Health Center*